IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDSAY M.,[1]

       Plaintiff,　　　　　　　　　　　　　　Civ. No. 6:20-cv-788-MC

  v.　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

MCSHANE, Judge:

    Plaintiff brings this action for judicial review of the Commissioner's decision denying her application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On May 5, 2017, Plaintiff filed an application for benefits, alleging disability as of that date. Tr. 15.[2] After a hearing, the administrative law judge (ALJ) determined Plaintiff was not disabled under the Social Security Act. Tr. 15-30.

    In the written opinion, the ALJ provided numerous reasons supporting a finding that Plaintiff was not credible as to the extent of her limitations. Tr. 22-23. For example, the ALJ noted that although Plaintiff alleged she quit working due to her impairments, the record indicated she was terminated because her employer determined it wanted to replace Plaintiff with

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

a nurse. Tr. 22. The ALJ also noted Plaintiff's allegations were inconsistent with the fact that she was the primary caregiver for her four-year-old daughter. Tr. 22 ("Clearly, the claimant was attending to the care of their daughter, at least while her husband was working, which significantly impacts her allegations of extreme functional restriction."). Plaintiff does not challenge those findings on appeal.[3]

The ALJ also discussed lay witness evidence provided in a third-party function report submitted by Plaintiff's husband. Tr. 21. Plaintiff's lone argument here is that the ALJ erred in failing to explicitly reject the statement from Plaintiff's husband.

The ALJ was obligated to provide "germane reasons" for rejecting lay testimony like that of Plaintiff's husband. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Plaintiff's husband's June 25, 2017 third party function report essentially mirrored Plaintiff's statements provided in her own function report dated the next day. Tr. 261-68; tr. 269-76. As noted, the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for finding Plaintiff's own statements not credible as to her limitations. Therefore, even assuming the ALJ erred in not providing a germane reason to reject the evidence from Plaintiff's husband, any error is harmless as it was "inconsequential to the ultimate disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations omitted) (*superseded by regulation on other grounds as stated in Sisk v. Saul*, 820 Fed. Appx. 604, 606 (9th Cir. 2020)).

*Molina* is directly on point. As in this case, the ALJ provided clear and convincing reasons for finding that Plaintiff not credible as to the extent of her limitations. *Id.* at 1112-1113. There, as here, the ALJ noted third party statements from Plaintiff's family members in the written opinion. Tr. 1114-1115. There, as here, "the ALJ erred in failing to explain her reasons

---

[3] The ALJ made multiple other findings supporting the credibility determination. As Plaintiff does not challenge those findings, the Court need not delve further into that analysis other than to note those findings apply equally well to the evidence submitted from Plaintiff's husband.

2 – OPINION AND ORDER

for disregarding the lay witness testimony[.]" *Id.* at 1115. The *Molina* court held: "Although the ALJ erred in failing to give germane reasons for rejecting the lay witness testimony, such error was harmless given that the lay testimony described the same limitations as Molina's own testimony, and the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony." *Id.* at 1122. So too here. Even assuming the ALJ erred, any error is harmless. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of June, 2021.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

3 – OPINION AND ORDER